FILED
 2011 Aug-09  AM 11:45
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN  DIVISION

| | |
|---|---|
| **LEROY HAWKINS** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | |
| ] | CV-11-BE-2476-S |
| **CITY OF BRIGHTON, ALABAMA** ] | |
| ] | |
| **Defendant.** ] | |

**MEMORANDUM OPINION**

This matter, previously removed from Circuit Court of Jefferson County, Alabama, is before the court on "Motion to Dismiss" (doc. 2) filed by Defendant City of Brighton, Alabama; this court's "Order to Show Cause" (doc. 4) why Plaintiff's federal claim should not be dismissed with prejudice as time-barred, to which Plaintiff responded (doc. 6), albeit one day late; and Defendant's "Motion to Exercise Supplemental Jurisdiction" (doc. 5).  For the reasons stated in this Memorandum Opinion, the court finds that the motion to dismiss is due to be GRANTED *as to the federal claim only*; and that the motion to exercise supplemental jurisdiction over the state law claims is due to be DENIED.  Because the court chooses not to exercise jurisdiction over the state law claims, the court does not reach the motion to dismiss as to those state law claims.

1

Federal Claim

As a preliminary matter, the court acknowledges Plaintiff's statement in his response to the Order to Show Cause that he never intended to raise any federal claims, although Count I does clearly allege, in addition to other claims under Alabama state law, a violation of the 14th Amendment to the United States Constitution.  This case represents the second case that Plaintiff has attempted to prosecute for deprivation of his Fourteenth Amendment due-process rights; as Plaintiff also notes in his response, Judge Kallon "correctly dismissed plaintiff's [] claims arising under the United States Constitution" in the first-filed case, CV-11-1513. (Doc. 6, ¶ 2, at 1). Judge Kallon found that "plaintiff has not demonstrated the timeliness of his constitutional claims." *Hawkins v. City of Brighton, Al.*, Case No. 11-CV-1513 (May 31, 2011).  In any event, Plaintiff acknowledges in paragraph 3 of his response that "federal constitutional claims should be dismissed." (Doc. 6, at 2).  The federal constitutional claim in Count 1 is the only federal claim asserted.  Therefore, the court finds that the motion to dismiss is due to be GRANTED WITH PREJUDICE as to the federal claim asserted in Count 1.

State Law Claims

Anticipating that ruling, Defendant's second motion requests the court to exercise supplemental jurisdiction over the state law claims and to grant its motion to dismiss as to those claims, also asserting that they are time-barred, precluded by the doctrine of municipal immunity, and otherwise fail to state cognizable claims upon which relief can be granted.

Although 28 U.S.C. § 1367(c)(3) authorizes supplemental jurisdiction over state law claims, the statute  "does not mean that the jurisdiction *must* be exercised in all cases." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997).  Rather, it provides that a district

court "*may* decline to exercise supplemental jurisdiction over a claim if . . .the district court has dismissed all claims over which it had original jurisdiction." 28 U.S.C. § 1367(c)(3) (emphasis added). Thus, supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *City of Chicago*, 522 U.S. at 172 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Because of this court's decision to dismiss the federal claim, this statute authorizes the court, in its discretion, to decline to exercise supplemental jurisdiction over the remaining state law claims.

In determining whether to exercise supplemental jurisdiction, the court should consider "the circumstances of the particular case, the nature of the state law claims, the character governing the state law, and the relationship between the state and federal claims," as well as "'the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago*, 522 U.S. at 156 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Cohill*, 484 U.S. at 350; *see Gibbs*, 383 U.S. at 726 ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well."). Thus, the Eleventh Circuit has "encouraged [the district court] to remand remaining state claims when all the federal claims in the case have been eliminated prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).

In the instant case, the court has dismissed the federal law claim and only state law claims remain. The case is at this early stage of the litigation, having been filed in June 2011 and

removed to this court in July 2011; indeed, these motions are the first this court has addressed. Having weighed the factors set forth in the decisions of *City of Chicago* and *Cohill*, the court finds that the balance of those factors indicates that the case properly belongs in state court. Therefore, the court, in its discretion, will DECLINE to exercise supplemental jurisdiction over the remaining state law claims, and will order that the case be REMANDED to the Circuit Court for Jefferson County, Alabama, Bessemer Division. Thus, the court finds that the motion to exercise supplemental jurisdiction over the remaining state law claims is due to be DENIED. Because the court does not exercise jurisdiction, it does not reach the motion to dismiss as to the remaining state law claims.

      Dated this 9th day of August, 2011.

                                                      _____
                                                      KARON OWEN BOWDRE
                                                      UNITED STATES DISTRICT JUDGE